RECEIVED
IN ALEXANDRIA, LA.
AUG 1 4 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

FLOYD HAMILTON

CIVIL ACTION NO. 1:12-cv-00671

VERSUS

JUDGE JAMES T. TRIMBLE, JR.
MAGISTRATE JUDGE JAMES D. KIRK

COMMONWEALTH OF VIRGINIA

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Floyd Hamilton III ("Hamilton") filed a complaint pursuant to 42 U.S.C. §1983 against the Commonwealth of Virginia ("the Commonwealth") on March 3, 2012. (Doc. 1). In the complaint, Hamilton contends the Commonwealth of Virginia, via the Department of Health Professions and Board of Medicine, violated his civil rights pursuant to 42 U.S.C. §1983.

Specifically, Hamilton contends the Commonwealth negligently issued Dr. Shivani Negi ("Dr. Negi") a medical license and failed to rescind her license. Thus, through its inaction, the Commonwealth became "an accessory after the fact to the crimes Dr. Negi has and still is committing ... against her patients under the authority granted her by Virginia.[1] (Doc. 1, p.4). Hamilton seeks compensatory damages in the amount of $1,000,000 and punitive damages in the amount of $5,000,000.

Though the only named defendant in the lawsuit is the

---

[1] Hamilton argues that Dr. Negi deliberately mistreated or refused to provide treatment to veterans who sought medical care through the Veteran's Affairs hospital in Alexandria, Louisiana. Her actions or inaction resulted in the patients' wrongful death.

Commonwealth of Virginia, Hamilton, who is proceeding *in forma pauperis*, seeks service of process by the United States Marshals on Virginia, Attorney General Kenneth Cuccinelli II and Dr. William A. Hazel, Jr. (Docs. 9, 10 and 11).

## FACTUAL BACKGROUND

Hamilton contends that Dr. Negi intentionally misrepresented her qualifications as a medical doctor in order to obtain a medical license from the Commonwealth. Hamilton argues that Dr. Negi should have been denied a license at the time the application was submitted as it was incomplete (a basis upon which Virginia may deny licensing) and because she failed to disclose the fact she was denied a medical license by the State of Florida.

Hamilton further contends her license should have been rescinded in 2010 when the Commonwealth received information from Mr. Paul G. Labbe of the Louisiana Veterans Advocacy Group, Inc., demonstrating she lied under oath to the Florida Medical Board, altered medical records at Maryland General Hospital and perjured herself by signing the fraudulent application.[2] By failing to rescind the license, Hamilton argues the Commonwealth is complicit in Dr. Negi's course of deliberate misconduct which has led to the wrongful death of her patients, including his own father, Floyd Hamilton, Jr. See, Hamilton v. Negi, Civil Action No. 09-00860 (West. Dist. of La.).

---

[2] Hamilton also asserts the information was again forwarded by Congressman Charles Boustany, Jr., M.D. in 2012 but evidence of the correspondence is not contained in the record.

LAW AND ANALYSIS

Screening of Claims

Because Hamilton is proceeding *in forma pauperis*, his claims are subject to screening under 28 U.S.C. §1915(e)(2)(B) which provides in relevant part:

> [T]he court shall dismiss the case at any time if the court determines that-
>
> . . .
>
> (B) the action or appeal-
>
>   (I) is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

Venue

Section 1983 does not contain a venue provision; thus, venue is determined under the general venue statute, 28 U.S.C. §1391. Pursuant to §1391(b):

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Id.

It is the plaintiff's burden to prove he chose the proper district for the litigation. Though Hamilton makes no assertions with respect to venue, it is clear from his complaint that the defendant is the Commonwealth of Virginia and the causes of action

arise from events in which took place there.³ Accordingly, the proper venue is United States District Court in the Eastern District of Virginia, not the Western District of Louisiana.

When venue is improper, the district court shall dismiss the case or, "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). When a plaintiff is proceeding pro se, the interests of justice are sometimes best served by transferring the case to a court and district where it could have been brought. However, in this case, there are additional bases for dismissal of the entire lawsuit.

Sovereign Immunity

The Eleventh Amendment bars suits for damages against a state in federal court unless the state waives its sovereign immunity. U.S. Const. Amend. XI; <u>Seminole Tribe of Florida. v. Florida</u>, 517 U.S. 44, 54 (1996). "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." <u>Employees of Dept. of Public Health and Welfare, Missouri v. Dept. of Public Health and Welfare, State of Missouri</u>, 411 U.S. 279, 280 (1973). Though the Virginia Tort Claims Act sets forth a limited waiver of Virginia's sovereign immunity from lawsuits in state court, it does not result in the waiver of sovereign immunity from suits in federal court. Va.Code

---

³ Even if those whom he seeks to serve were added as defendants to the lawsuit, all defendants would still be from the Commonwealth of Virginia and all events would arise in Virginia as Cuccinelli is the Virginia Attorney General and Dr. Hazel is the Secretary of Health and Human Resources in Virginia.

Ann. §8.01-195.3; <u>College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board</u>, 527 U.S. 666, 675-76 (1999), citing <u>Smith v. Reeves</u>, 178 U.S.436, 441-445 (1900); <u>McConnell v. Adams</u>, 829 F.2d 1319, 1329 (4th Cir. 1987).

As there is no evidence that the Commonwealth has waived its sovereign immunity, the action is barred and should be dismissed.

<u>Section 1983 Actions</u>

Even if the Commonwealth has waived its sovereign immunity, this case would still be barred as the Commonwealth is not a proper defendant. The defendant in a §1983 action must be a "person". The Commonwealth of Virginia is not a person. "Neither a State nor its officials acting in their official capacities are 'persons' under §1983." <u>Will v. Mich. Dept. of State Police</u>, 491 U.S. 58, 71 (1989). Further, "[i]t has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." <u>Regents of the University of California v. Doe</u>, 519, U.S. 425, 429 (1997), citing <u>Poindexter v. Greenhow</u>, 114 U.S. 270, 287 (1885); <u>In re Ayers</u>, 123 U.S. 443, 487 (1887); <u>Smith v. Reeves</u>, 178 U.S. 436, 438-439 (1900); <u>Ford Motor Co. v. Dept. of Treasury of Ind.</u>, 323 U.S. 459 (1945).

Accordingly, suit cannot proceed against either the Commonwealth, the Virginia Department of Health Professions or the Virginia Board of Medicine.

## Conclusion

**IT IS RECOMMENDED** that the Hamilton's case be **DISMISSED WITH PREJUDICE**.

It is further **RECOMMENDED** that the motions for service upon: the Commonwealth of Virginia/Governor McDonnell (Doc. 9), Attorney General Kenneth Cuccinelli II (Doc. 10) and Dr. William A. Hazel, Jr. (Doc. 11) be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 14 day of August, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE